UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In the Matter of                                              :
                                                              :
VILLAGE OF KIRYAS JOEL, NEW YORK,                             :
MAYOR ABRAHAM WIEDER, VILLAGE,                                :
ADMINISTRATOR GEDALYE SZEGEDIN,                               :
VILLAGE TRUSTEE MOSES GOLDSTEIN,                              :
VILLAGE TRUSTEE JACOB FREUND,                                 :
VILLAGE TRUSTEE SAMUEL LANDAU,                                :
VILLAGE TRUSTEE JACOB REISMAN, each                           :
in his official capacity as an officer of the Village         :
of Kiryas Joel, ROSE UNGAR, DAVID UNGAR,                      :
MOSES WITRIOL, ATKINS BROTHERS                                :
ASSOCIATES, LLC, AMAZON REALTY                                :
ASSOCIATES, INC., BURDOCK REALTY                              :
ASSOCIATES, INC., COMMANDEER REALTY                           :     **OPINION AND ORDER**
ASSOCIATES, INC., DILIGENT REALTY                             :     11 Civ. 8494 (ER)
ASSOCIATES, INC., and "JOHN DOES and                          :
JANE DOES" "1" through "250" as residents of                  :
Woodbury of Orthodox Jewish origin living in                  :
Western Woodbury,                                             :
                                                              :
                 Petitioners-Plaintiffs,                      :
                                                              :
For a Judgment Pursuant to Article 78 of the Civil            :
Practice Law and Rules and a Declaratory                      :
Judgment Pursuant to Section 3001 of the Civil                :
Practice Law And Rules                                        :
                                                              :
       - against -                                            :
                                                              :
VILLAGE OF WOODBURY, NEW YORK and                             :
VILLAGE OF WOODBURY BOARD OF                                  :
TRUSTEES,                                                     :
                 Respondents-Defendants,                      :
                                                              :
                                                              :
       - and -                                                :
                                                              :
TOWN OF WOODBURY, NEW YORK,                                   :
VILLAGE OF WOODBURY PLANNING                                  :
BOARD, and GARY THOMASBERGER,                                 :
as the Village of Woodbury Building/Zoning                    :
Inspector and Code Enforcement Officer,                       :
                                                              :
                 Defendants.                                  :
----------------------------------------------------------------x

Appearances:

Michael G. Sterthous
Whiteman Osterman & Hanna LLP
Albany, New York
*Attorney for Petitioners-Plaintiffs*

Robert Stevenson Rosborough
Whiteman Osterman & Hanna LLP
Albany, New York
*Attorney for Petitioners-Plaintiffs*

John George Stepanovich
Stepanovich Law, PLC
Chesapeake, Virginia
*Attorney for Respondents-Defendants and for Defendants Village of Woodbury Planning Board and Gary Thomasberger*

Joseph Gerard McKay
Tarshis, Catania, Liberth, Mahon & Milligram
Newburgh, New York
*Attorney for Defendant Town of Woodbury*

Ramos, D.J.:

Petitioners-Plaintiffs (referred to herein as "Plaintiffs") move to remand this action to the Supreme Court of the State of New York, Orange County.  Plaintiffs also seek to recover costs and actual expenses, including attorneys' fees, incurred as a result of the alleged improper removal.  For the reasons stated below, the motion is GRANTED in part and DENIED in part.

## I. Background

### A.  Procedural History

The Court assumes the parties' familiarity with the facts of this case and discusses here only the facts and procedural history that are relevant to the pending motion.

On October 14, 2011, Plaintiffs commenced this hybrid N.Y. C.P.L.R. Article 78 and declaratory judgment action in the Supreme Court of the State of New York, Orange County, seeking to enjoin the implementation and enforcement of the Village of Woodbury

2

Comprehensive Plan (the "Plan"), the Religious Land Use Local Law and related local zoning law amendments, and to have the Plan and challenged laws declared invalid.  Plaintiffs' Verified Complaint contains eighteen causes of action.  Generally, Plaintiffs allege that the Plan, the Religious Land Use Local Law and the local zoning law amendments violate Plaintiffs' rights under the United States and New York State Constitutions and the Religious Land Use and Institutionalized Persons Act, and that the challenged Plan and local laws are unconstitutionally vague and were adopted in violation of the State Environmental Review Act and various other state, municipal and village laws.

Plaintiffs' Verified Petition and Complaint names five defendants: Village of Woodbury, New York; Village of Woodbury Board of Trustees (collectively, the "Village" or "Removing Defendants"); Village of Woodbury Planning Board (the "Planning Board"); Gary Thomasberger, in his official capacity as the Village of Woodbury Building/Zoning Inspector and Code Enforcement Officer (collectively, the "Village Defendants"); and Town of Woodbury, New York (the "Town").  On October 27, 2011, Plaintiffs served all five defendants with the Summons, Notice of Petition, and Verified Petition and Complaint.

On November 22, 2011, the Village filed a Notice of Removal with this Court pursuant to 28 U.S.C. § 1446 on the basis that certain of Plaintiffs' claims raise a federal question over which this Court has original jurisdiction under 28 U.S.C. § 1331.  (Notice of Removal ¶ 2.)  The Notice of Removal was filed only on behalf of the Removing Defendants, and did not identify the Planning Board, Mr. Thomasberger, or the Town as joining in or consenting to the Notice of Removal.  (*Id.* ¶ 1.)  Moreover, this Court did not receive any written consent from the other defendants prior to the expiration of the thirty-day period for removal set forth in 28 U.S.C. § 1446(b).

On December 2, 2012, counsel for the Removing Defendants[1] sent a letter to this Court requesting a pre-motion conference in anticipation of filing a motion to dismiss. (Doc. 3.) In Plaintiffs' response letter, dated December 7, 2012, Plaintiffs sought permission to file a motion to remand this action on the ground that, *inter alia*, the Village's Notice of Removal was defective because none of the other defendants had joined the Notice or otherwise provided this Court with unambiguous written evidence of their consent within the statutory time period for removal. (Sterthous Aff. Ex. B, at 2.) On December 8, 2012, counsel for the Town sent a letter to this Court to explain that he had provided counsel for the Removing Defendants with verbal consent on behalf of the Town, but had "not formally advis[ed] a Court of that consent." (Sterthous Aff. Ex. C, at 1.) The Court did not receive any response to Plaintiffs' letter from counsel for the Village Defendants on behalf of either the Removing Defendants or the non-removing Village Defendants.

On February 22, 2012, after a pre-motion conference, Plaintiffs filed a Motion to Remand pursuant to 28 U.S.C. § 1447(c) on the ground that the Village's Notice of Removal was procedurally defective for the reason stated above. (Doc. 11.) On February 29, 2012, the Town and the Village Defendants filed separate papers opposing Plaintiffs' Motion to Remand. (Docs. 19, 22.) Plaintiffs filed a single Reply Memorandum of Law in Further Support of its Motion to Remand on March 2, 2012. (Doc. 26.)

---

[1] Although counsel for the Removing Defendants subsequently filed a Notice of Appearance on behalf of all four Village Defendants (Doc. 7), the December 2 letter only stated that it was sent on behalf of the Removing Defendants. (Doc. 3.)

## II. Legal Standards

### A.  Removal

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  The Second Circuit has clearly explained that "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.,* 28 F.3d 269, 274 (2d Cir. 1994) (citation omitted).  "'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.'"  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)).  At all times the party seeking removal bears the burden of proving that the jurisdictional and procedural requirements have been met.  *Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 436 (S.D.N.Y. 2006) (citing *Mehlenbacher v. Akzo Nobel Salt, Inc.,* 216 F.3d 291, 296 (2d Cir. 2000)).

### B.  Remand

Plaintiffs argue that the Court should remand this case to the Orange County Supreme Court based on a procedural defect in the Village's removal petition.  (Mem. of Law in Supp. of Pet'rs' Mot. to Remand ("Pls.' Mem.") 1.)  Subsection 1447(c) of Title 28 authorizes this Court to remand a case on the basis of any defect in the removal procedure.  *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994).  Although procedural flaws in

removal petitions are not jurisdictional, a defendant seeking removal must strictly comply with all of the statutory procedural requirements.  *Burr*, 478 F. Supp. 2d at 437; *see Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991) (explaining that courts construe the removal statute narrowly, resolving any doubts in favor of remand).  "There is nothing in the removal statute that suggests that a district court has 'discretion' to overlook or excuse prescribed procedures." *Codapro Corp. v. Wilson,* 997 F. Supp. 322, 325 (E.D.N.Y. 1998) (internal quotation marks and citation omitted).  "'On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper.'"  *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) (quoting *Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994)).  If the removing party fails to meet this burden, the case must be remanded.  *Bellido-Sullivan v. Am. Int'l Group, Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000).

## C.  The Rule of Unanimity

Section 1441(a) and (b) set forth the procedural requirements for removal.  28 U.S.C. § 1441(a)-(b).  Although 28 U.S.C. § 1441 does not explicitly require that all defendants join a notice of removal, "the removal statute has consistently been interpreted to require that all defendants consent to removal within the thirty day period." *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001); *In re MTBE Prods. Liab. Litig.*, 488 F.3d 112, 134 (2d Cir. 2007).  This is known as the rule of unanimity.  *Payne*, 172 F. Supp. 2d at 477.  The rule of unanimity "'advances the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal in favor of remand.'"  *Zerafa v. Montefiore Hosp. Housing Co.*, 403 F. Supp. 2d 320, 328 (S.D.N.Y. 2005) (quoting *Miller v. First Sec. Invs., Inc.*, 30 F. Supp. 2d 347, 350 (E.D.N.Y. 1998)).  While it is not necessary for

every defendant to sign the removal petition itself, most courts have required each defendant to submit some form of unambiguous written evidence of consent to the Court within the thirty-day period. *Payne*, 172 F. Supp. 2d at 477.

As with other statutory requirements for removal, the rule of unanimity is strictly construed and enforced. *Burr*, 478 F. Supp. 2d at 437. "It is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf." *Codapro Corp.*, 997 F. Supp. at 326 (internal quotation marks and citation omitted); *see also Berrios v. Our Lady of Mercy Med. Ctr.,* No. 99 Civ. 21(DLC), 1999 WL 92269, at *2 (S.D.N.Y. Feb. 19, 1999) ("[C]onsent communicated among the defendants is insufficient; each defendant must notify the Court of its consent prior to the expiration of the thirty-day period."). Even where the removing defendant represents to the Court that the other defendants have consented to removal, the rule of unanimity is not satisfied unless the other defendants either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within the thirty-day period. *See Payne*, 172 F. Supp. 2d at 475-77 (remanding cases where a notice of removal stating that all defendants consented was signed by only one of four defendants and the other defendants failed to submit timely consent to the court); *Smith v. Kinkead*, No. 03 Civ. 10283(RWS), 2004 WL 728542, at *3 (S.D.N.Y. Apr. 5, 2004) (same). The failure of any defendant to provide its written consent within the thirty-day period constitutes a fatal procedural defect in the removal procedure and warrants a remand of the case. *Thomas and Agnes Carvel Found. v. Carvel*, 736 F. Supp. 2d 730, 740 (S.D.N.Y. 2010).

## III. Discussion

Plaintiffs argue that removal was improper in this case because only two of the five defendants joined the Notice of Removal.  (Pls.' Mem. 5-7.)  Plaintiffs correctly assert that the Village's Notice of Removal does not include unambiguous written evidence of consent from any of the other defendants, and that none of the other defendants submitted separate written consent to this Court within the thirty-day period for removal.  (Pls.' Mem. 6-7.)  Neither the Removing Defendants nor the other defendants dispute this argument.  Instead, the Town and the Village Defendants argue—for the first time in their Opposition papers—that the Village was not required to obtain consent from any of the other defendants, because those defendants are all "nominal parties."  (Town of Woodbury's Mem. of Law in Opp. to Mot. for Remand ("Town's Mem.") 1-3; Village of Woodbury Defs.' Mem. of Law in Opp. to Pet'rs'-Pls.' Mot. to Remand ("Village's Mem.") 2, 5-14.)

### A.  Nominal Defendants

Although the rule of unanimity is strictly applied by the courts, an exception can be found where the non-joining defendants are merely nominal.[2]  *Zerafa*, 403 F. Supp. 2d at 328.  Nominal party status arises out of the nature of a party's relationship to the case.  *Heller v. New York City Health and Hosps. Corp.*, No. 09 Civ. 6193(LTS)(GWG), 2010 WL 481336, at *3 (S.D.N.Y. Feb. 1, 2010).  "A party is deemed nominal if, based on the substantive law of the state where the federal court sits, no cause of action *could be* stated against him."  *Zerafa*, 403 F. Supp. 2d at 325 (emphasis added).  Courts have also found a party to be nominal where it has "no real, or direct interest in the controversy."  *Nannuzzi v. King*, 660 F. Supp. 1445, 1449

---

[2] There are two other exceptions to the rule of unanimity, neither of which is relevant here, which occur where "the non-joining defendants have not been served with service of process at the time the removal petition is filed . . . [and where] the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)."  *Ell v. S.E.T. Landscape Design, Inc.*, 34 F. Supp. 2d 188, 194 (S.D.N.Y. 1999).

(S.D.N.Y. 1987) (quoting *Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell,* 521 F. Supp. 1046, 1047 (S.D.N.Y. 1981), *aff'd*, 710 F.2d 87 (2d Cir. 1983)) (internal quotation marks omitted).

In determining whether a party is nominal, courts also consider whether, in the absence of the party, "'the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiffs.'" *Patrick v. Porter-Cable-Corp.*, No. 3:10cv131 (MRK), 2010 WL 2574121, at *4 (D. Conn. Apr. 1, 2010) (quoting *Stonybrook Tenants Ass'n v. Alpert*, 194 F. Supp. 552, 559 (D. Conn. 1961)).  For example, in *Patrick v. Porter-Cable Corporation*, the court rejected the argument that a defendant was nominal solely because he was indemnified by the co-defendant, because the defendants could be held jointly and severally liable for damages; therefore, the defendant "ha[d] a clear interest in the outcome of the case, and Plaintiffs would be prejudiced if it were not a party." *Id.* at *4; *see also Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970) (explaining that determining which parties would be bound by an injunction was crucial to deciding a defendant's claim of nominal status).  The burden of proving that a defendant is nominal falls on the party claiming nominal status.  *Zerafa*, 403 F. Supp. 2d at 325.  On this issue, as with all statutory requirements for removal, any doubts must be resolved against removability and in favor of remand.  *Saxe, Bacon & Bolan, P.C.*, 521 F. Supp. at 1048.

Since the Planning Board and Mr. Thomasberger have never communicated their consent to this Court, and the Town only provided this Court with its written consent to removal after the thirty-day period for removal had expired, the Village's removal of this case can only be found proper if all three of those defendants are deemed nominal parties with no real interest in the present controversy.

9

**B.  Town of Woodbury**

The Town argues that it is a nominal party because Plaintiffs failed to allege a cause of action specifically against the Town (Town's Mem. 3), and Plaintiffs' rights will not be affected by a judgment against the Town.  (Town of Woodbury's Aff. in Opp. to Mot. for Remand ¶ 11.) Plaintiffs respond that "each and every cause of action has been pleaded against the Town, as well as all of the other defendants, as [Plaintiffs] could not be granted the full declaratory or injunctive relief against [the Town] were that not the case."  (Reply Mem. of Law in Supp. of Pet'rs' Mot. to Remand ("Pls.' Reply") 8.)

While the Verified Complaint is not entirely clear in terms of which causes of action are asserted against which defendants, the fact that a claim has not been asserted against a defendant is not sufficient to make that party nominal for purposes of excusing their failure to join the petition for removal.  The question is whether a cause of action has been *or could have been* stated against the Town under New York law.  *Zerafa*, 403 F. Supp. 2d at 325; *see also Heller*, 2010 WL 481336, at *3 ("A failure to adequately plead a claim against a particular defendant does not, alone, make him a nominal party.").  The Town has failed to cite to any case law showing that Plaintiffs could not have stated a claim against it.  Indeed, the Town does not even allege that Plaintiffs could not do so.

Similarly, the Town has failed to make any arguments that support its claim that the Plaintiffs' rights will not be affected by a judgment against it.  The Town asserts that "it is *not clear* in what manner the Town would be involved in 'issuing declaratory and injunctive relief' if the Court should grant the relief Petitioner-Plaintiffs seek."  (Town's Mem. 3) (emphasis added). This assertion is plainly insufficient to meet its burden of establishing that this Court could provide Plaintiffs with a fair and satisfactory judgment solely against the Village.  This is especially true in light of the ongoing efforts to dissolve the Village pursuant to a bill that passed

10

the New York State Senate last year and is currently pending before the local government committees in the New York State Senate and Assembly.  (Pls.' Reply 8; Sterthous Reply Aff. Ex. B.)  If the Village is dissolved, the Plan and challenged laws will remain in effect and will subsequently be subject to enforcement by the Town.  (Sterthous Reply Aff. ¶¶ 12-13, Ex. A, at 2-6, 8, 11-13.)  As Plaintiffs assert in their Reply, it is extremely questionable whether a judgment granted solely against the Village would be enforceable against the Town should the Village be dissolved following the resolution of this case.  (Pls.' Reply 9.)  Since the Town has not met its burden to dispel this doubt, it must be resolved in favor of remand.  *Burr*, 478 F. Supp. 2d at 436.

The fact that the Village was acting pursuant to an inter-municipal agreement with the Town, under which it assumed all zoning and planning authority previously held by the Town (including the creation of the Plan), also suggests that the Town *does* have an interest in the outcome of the instant action.[3]  (Compl. ¶¶ 38, 57, 65, 77).  "Defendants have failed to meet their burden to show otherwise."  *Nannuzzi*, 660 F. Supp. at 1449.  The Town is therefore not a nominal defendant for the purpose of the rule of unanimity, and its timely, written consent was required for removal to be valid.  *Heller*, 2010 WL 481336, at *3.

Since the Court has determined that the Town's consent was necessary for this case to be properly removed, it is not necessary to consider the Village Defendants' arguments regarding the nominal status of the Planning Board or Mr. Thomasberger.  *Id.* at *4.

---

[3] For this reason, the Village Defendants' claim that the Town is a nominal party because it will "have lost nothing" if Plaintiffs are successful is also unconvincing.  (Village's Mem. 14.)  Moreover, it is not supported by the case law upon which the Village Defendants rely.  In *Sierra v. Bally Total Fitness Corporation*, the court held that an arbitrator was a nominal party in an action brought to vacate the arbitration award, because it was clear that he had no interest in the outcome of the litigation; the arbitrator had neither appeared in the action nor adopted a position adverse to the plaintiff.  No. 1:06-CV-01688-ENV-MDG, 2007 WL 1028937, at *2 (E.D.N.Y. Mar. 30, 2007).  Additionally, the arbitrator had not been served with the plaintiff's verified petition at the time the notice of removal was filed.  *Id.*

11

**IV. Attorneys' Fees**

Plaintiffs have also moved for an award of costs and expenses, including attorneys' fees, incurred by them in litigating the alleged improper removal of this case.  Section 1447(c) of Title 28 provides that an order to remand a case may require the payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal.  28 U.S.C. § 1447(c).  "By allowing a plaintiff to recover attorneys' fees when a court grants a motion to remand, § 1447(c) serves the purpose of deterring improper removal.  Nonetheless, this provision leaves the decision to award such [fees] to the Court's discretion, and courts frequently decline to do so."  *Wilds*, 262 F. Supp. 2d at 184 (alteration in original) (internal quotation marks and citation omitted); *Morgan Guar. Trust v. Republic of Palau,* 971 F.2d 917, 924 (2d Cir. 1992) (holding that Section 1447(c) "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees").

The Supreme Court has clarified the proper standard governing when an award of attorneys' fees is warranted:

> "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." "Conversely, when an objectively reasonable basis exists, fees should be denied." Objective reasonableness is evaluated based on the circumstances as of the time that the case was removed.

*Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011) (quoting *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136, 141 (2005)) (internal citations omitted).

The Village filed the Notice of Removal on November 22, 2011, approximately one week before the expiration of the thirty-day period for removal.  If the other defendants had subsequently provided this Court with timely unambiguous written evidence of their consent, the Notice of Removal would have been proper.  *Williams*, 416 F. App'x at 100.  Therefore, it was not objectively unreasonable for the Village to have removed the case to this Court on November

12

22, 2011. *See id.* (holding that it was not objectively unreasonable to remove a case prior to obtaining consent from all defendants where the thirty-day period had not run at the time of removal). There is also no indication of bad faith or improper motives on the part of the Village in filing the removal petition. *See Martin*, 546 U.S. at 140 (recognizing that it is appropriate to consider whether, for example, the removal was sought for the purpose of prolonging litigation in making a determination of whether to impose costs on the other party). This is particularly so in light of the Town's representation that it provided oral consent to the Removing Defendants prior to the filing of the Notice of Removal. (Sterthous Aff. Ex. C.) Therefore, Plaintiffs' request for costs and actual expenses, including attorneys' fees, is denied.

**V. Conclusion**

For the foregoing reasons, Plaintiffs' motion to remand this matter to the Supreme Court of the State of New York, Orange County is GRANTED. Plaintiff's motion for the award of costs and attorneys' fees is DENIED. The Clerk of the Court is directed to terminate this motion (Doc. 11) and to remand the entire case to the Supreme Court of the State of New York, Orange County.

SO ORDERED.

Dated:   March 29, 2012
         White Plains, New York

Edgardo Ramos, U.S.D.J.

13